# In the United States Court of Federal Claims

No. 17-855C

(Filed: October 1, 2019)

```
*********************************  )
HAHNENKAMM, LLC,                   )   Motion to compel deposition; non testifying
                                   )   expert who is collaborator to testifying
                Plaintiff,         )   expert
                                   )
        v.                         )
                                   )
UNITED STATES,                     )
                                   )
                Defendant.         )
                                   )
*********************************  )
```

Roger J. Marzulla, Marzulla Law, LLC, Washington, D.C., for plaintiff.  With him on the briefs was Nancie G. Marzulla, Marzulla Law, LLC, Washington, D.C.

Geoffrey Martin Long, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the briefs were Joseph H. Hunt, Acting Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

This case concerns claims by plaintiff, Hahnenkamm, LLC, that the United States breached a contract and contravened two federal statutes, the Santini-Burton Act, Pub. L. No. 96-586, 94 Stat. 3381 (1980) (not codified in relevant part in the United States Code), and the Southern Nevada Public Land Management Act, Pub. L. No. 105-263, 112 Stat. 2343 (1998) ("Southern Nevada Land Act") (not codified in relevant part in the United States Code), when and as the United States Forest Service's Lake Tahoe Basin Management Unit acquired "Cave Rock Summit," a 39.25 acre tract of land overlooking Lake Tahoe in Douglas County, Nevada.  Compl. at 1-2.  The transaction occurred under an Option Agreement entered between Hahnenkamm and the Forest Service.  Compl. at 1-2 & ¶ 6.  The land appraisal is at issue.[1]

---

[1] Hahnenkamm alleges that the statutes, which authorize the Forest Service to acquire "environmentally sensitive lands" in the Lake Tahoe region, require the Forest Service to pay fair market value for those acquisitions, and that the Option Agreement that governed the transaction likewise obligated the Forest Service to pay fair market value and obtain an appraisal that conformed to certain federal land appraisal standards—standards with which the Forest Service allegedly did not comply.  Compl. at 1 & ¶ 34.

Pending before the court is plaintiff's motion to compel the deposition of a collaborator in the preparation of the government's expert report on valuation. Pl.'s Mot. to Compel Deposition ("Pl.'s Mot. to Compel"), ECF No. 39. The government has opposed plaintiff's motion, arguing that the collaborator is a non-testifying expert who should not be subject to a deposition under Rule 26(b)(4)(D) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Opp'n to Pl.'s Mot. to Compel ("Def.'s Opp'n"), ECF No. 42. Hahnenkamm has filed a reply. *See* Pl.'s Reply in Support of Its Mot. to Compel Deposition ("Pl.'s Reply"), ECF No. 43. The motion has thus been fully briefed by the parties and is ready for disposition.

## BACKGROUND

This case was filed on June 23, 2017. After a motion to dismiss filed by the government was denied on December 7, 2017, *see Hahnenkamm, LLC v. United States*, 135 Fed. Cl. 579 (2017), the government filed an answer on January 25, 2018. Answer, ECF No. 20. Subsequently, the government filed an amended answer on August 30, 2018. Am. Answer, ECF No. 32. Thereafter, the parties undertook discovery to prepare the case for a trial scheduled to occur from June 1 through 5, 2020. *See* Scheduling Order (July 15, 2019), ECF No. 38. Discovery proceeded without undue controversy, except for the current dispute over plaintiff's effort to depose Eric Schneider, a colleague and collaborator of the government's named appraisal expert, Stephen D. Roach. *See* Pl.'s Mot. to Compel at 1; Def.'s Opp'n at 2.

Eric Schneider works with Mr. Roach at Jones, Roach & Caringella, Inc., and Mr. Schneider is also an appraiser. Def.'s Opp'n at 2. In certifications attached to Mr. Roach's appraisal reviews, Mr. Roach "certified that Mr. Schneider provided 'significant professional assistance' in the conduct of the assignments." *Id*. at 3. Mr. Roach was deposed by plaintiff's counsel and answered questions about the assistance Mr. Schneider had provided. *Id*. Mr. Roach testified at his deposition that Mr. Schneider "initially structured some of the review conclusion[s] that are stated in the[] three exhibits [to the reviews]." Pl.'s Mot. to Compel at 3 (quoting Roach Dep. 29:14 to 30:1 and 31:2 to 33:13 (July 2, 2019)).

Mr. Roach was also asked: "[W]ould you characterize your work with Mr. Schneider on preparing those three reports as collaborative?" *Id*. Mr. Roach responded that, "I think it's a fair characterization as to some . . . of the work, yes." *Id*. Billing statements produced by the government confirm that Mr. Schneider did substantial work. *See* Pl.'s Mot. to Compel at 3. "Through May 6, 2019, [Mr.] Schneider billed '128.0 hours' for his work, whereas [Mr.] Roach . . . billed '126.0 hours.'" *Id*.

Although discovery has closed, the parties have stipulated that timeliness would not bar the motion to compel now pending before the court. Pl.'s Mot. to Compel at 3.

## STANDARDS FOR DECISION

RCFC 26(b)(4)(A) provides in pertinent part that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Contrastingly, an "expert employed only for trial preparation," RCFC 26(b)(4)(D) (heading, capitals omitted), may not be deposed, absent "exceptional circumstances." *Id*. The Rule specifies that—

> *Ordinarily, a party may not, by* interrogatories *or* deposition, *discover facts known or opinions held by an expert* who has been retained or specially employed by

2


another party in anticipation of litigation or to prepare for trial and *who is not expected to be called as a witness at trial*. But *a party may do so only*:

  (i) As provided in RCFC 35(b); or
  (ii) *On showing exceptional circumstances under* which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

RCFC 26(b)(4)(D) (emphasis added).[2] Because RCFC 35(b) does not apply,[3] the question presented is whether exceptional circumstances appertain such that a deposition of Mr. Schneider is appropriate even though he is a non-testifying expert.

## ANALYSIS

Hahnenkamm argues that it has met its significant burden to show exceptional circumstances for the deposition of Mr. Schneider. Pl.'s Mot. to Compel at 5. It emphasizes that Mr. Roach's collaboration with Mr. Schneider and Mr. Roach's substantial reliance on Mr. Schneider's professional work have been established and that the resulting reports appear to reflect an indivisible result. *See id*. at 8. Hahnenkamm cites a set of cases applying Fed. R. Civ. P. 26(b)(4)(D) for the proposition that a non-testifying expert who co-authored and collaborated in preparing an expert report was subject to deposition. *See* Pl.'s Mot. to Compel at 5-8 (citing *Apple, Inc. v. Amazon.com, Inc*., No. 11-1327 PJH, 2013 WL 1320760 (N.D. Cal. Apr. 1, 2013); *United States ex rel. Westrick v. Second Chance Body Armor, Inc*., 288 F.R.D. 222, 228 (D.D.C. 2012); *Interface Group-Nevada Inc. v. Men's Apparel Guild in Cal., Inc*., No. 2:04-CV-0351-JCM-GWF, 2006 WL 8441913 (D. Nev. Jan. 3, 2006); *Long-Term Capital Holdings v. United States*, No. 01-CV-1290(JBA), 2003 WL 21269586 (D. Conn. May 6, 2003); *Herman v. Marine Midland Bank*, 207 F.R.D. 26 (W.D.N.Y. 2002); *Derrickson v. Circuit City Stores, Inc.*, No. DKC 95-3296, 1999 WL 1456538 (D. Md. Mar. 19, 1999)).

The government counters that Hahnenkamm had another, obvious source for facts related to Mr. Roach's collaboration with Mr. Schneider—*i.e*., the deposition testimony of Mr. Roach. Def.'s Opp'n at 6. The government emphasizes that Hahnenkamm does not argue that Mr. Roach's deposition was incomplete or that Mr. Roach spent nearly as much time on the expert reports as Mr. Schneider did. *Id*. at 6-7. The government additionally points to the basic purpose of the rule against ordinarily allowing discovery against a non-testifying expert: "[a]llowing routine discovery as to these people would tend to deter thorough preparation of the case and reward those whose adversaries were most enterprising." Def.'s Opp'n at 4 (quoting 8A Charles Alan Wright & Authur R. Miller, *Federal Practice and Procedure* § 2032 (3d ed. 2019)). And, by "allowing access to the opinions of these retained experts . . . [,] the opponent might later seek to call them as witnesses to attest to views that the opponent found congenial." *Id*.

As a general matter, the courts that allowed the deposition of a non-testifying expert have focused on substantial collaborative work with a testifying expert. Perhaps the seminal decision

---

[2]Because RCFC 26(b)(4)(D) mirrors Fed. R. Civ. P. 26(b)(4)(D), both rules should be construed *in pari materia*.

[3]RCFC 35(b) relates to physical and mental examinations.

is *Derrickson*, an employment discrimination case, where a non-testifying assistant had worked "hand-in-glove" in analyzing data. *Derrickson*, 1999 WL 1456538, at *7. The court found that the "fruits of their labor [were] indivisible" and that the resulting expert report reflected a "seamless collaboration." *Id*. Those circumstances justified the deposition of the non-testifying collaborator. *Id*.

Similarly, in the *Apple* case, the court ordered that two assistants of the expert witness be deposed. *Apple*, 2013 WL 1320760, at *3-4. The assistants had developed surveys, collected data from the surveys, and analyzed those data. *See id*. The ruling court emphasized that the surveys and data had influenced the expert's opinion. *Id*. To the same effect, see *Long-Term Capital Holdings*, 2003 WL 21269586, at *1.

These decisions turn on detailed involvement by the non-testifying individuals in the underlying basis for the testifying expert's report. Where the collaborator has spent more time on the matter than the testifying expert and has provided the underpinning for the expert's report, courts have ordered the non-testifying individual to be deposed. *See Interface Group-Nevada*, 2006 WL 8441913, at *4; *Herman*, 207 F.R.D. at 31. Because the facts of this case fit the same pattern, Hahnenkamm is entitled to depose Mr. Schneider.

Hahnenkamm has met its burden of showing that exceptional circumstances apply here, in that only Mr. Schneider can attest to his underlying process. That is not to say that a deposition of Mr. Schneider should be open ended. The government urges that the court limit questioning of Mr. Schneider "to facts regarding the process by which Mr. Schneider assisted Mr. Roach." Def.'s Opp'n at 8. Such a limitation appears generally appropriate. Otherwise, Hahnenkamm may depose Mr. Schneider regarding the nature of his work in gathering facts and in assisting Mr. Roach, but he may not be questioned about any opinion that he may have developed in the course of that work. *See Second Chance Body Armor*, 228 F.R.D. at 228; *Interface Group-Nevada*, 2006 WL 8441913, at *3; *Long-Term Capital Holdings*, 2003 WL 21269586, at *4.

## CONCLUSION

Hahnenkamm's motion to compel the deposition of Mr. Schneider is GRANTED, subject to the limitation stated *supra*.

**IT IS SO ORDERED.**

                                                      s/ Charles F. Lettow
                                                      Charles F. Lettow
                                                      Senior Judge